UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD JOHNSON,

        Plaintiff,

                              File No. 2:08-CV-12

v.

                              HON. ROBERT HOLMES BELL

DAVID BERGH, et al.,

        Defendants.
                                  /

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On April 9, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Richard Johnson's § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. Plaintiff filed objections to the R&R on April 16, 2008.

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's complaint attempts to state a number of claims, all of which stem from his primary contention that Dr. Frontera failed to properly examine or order testing for

testicular masses, despite the fact that the masses had been discovered and treated at other prison facilities. (Dkt. No. 1, Compl ¶ 8.) The Magistrate Judge recommended that Plaintiff's complaint be dismissed because a prisoner's disagreement with prison medical personnel regarding appropriate medical diagnosis or treatment is not sufficient to state an Eighth Amendment deliberate indifference claim.

In *Smith v. Sator*, 102 F. App'x 907 (6th Cir. 2004), the Sixth Circuit affirmed the dismissal of a prisoner's complaint where the complaint revealed that the prisoner had not been denied medical care, but that he was simply alleging that the defendants had not provided the specialized medical tests that he viewed as necessary. *Id.* at 909. As noted in *Smith*, the claims amounted "to nothing more than a difference of opinion regarding the medical diagnosis and treatment he has been provided," and "such differences of opinion do not rise to the level of an Eighth Amendment violation." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). "[W]here, as here, the plaintiff has received some medical attention, but disputes the adequacy of that treatment, a federal court will not second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law." *Id.* (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). *See also Truss-El v. Bradley*. 80 F. App'x 425, 427 (6th Cir. 2003) (affirming dismissal of a prisoner's Eighth Amendment claim where the allegations amounted to no more than a difference of opinion concerning diagnosis and treatment); *Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002) (holding that a prisoner's

disagreement with the medical treatment he was receiving was insufficient to state a claim under the Eighth Amendment).

Plaintiff, like the prisoners in *Smith*, *Truss-El*, and *Thompson*, has simply alleged a difference of opinion regarding his medical diagnosis and treatment. His allegations are not sufficient to state an Eighth Amendment claim. Plaintiff has not addressed or attempted to cure this deficiency in either his objections to the R&R or in his proposed amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge and his motion to amend complaint and to add Defendant Ruby Cheatam (Dkt. No. 7) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to serve the complaint (Dkt. No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for

purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated: August 12, 2008                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE